1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON L. NYLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>CALAVERAS COUNTY SHERIFF'S JAIL, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00886 DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DISMISSING ACTION WITH PREJUDICE |

Plaintiff Jon L. Nyland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 11, 2015.[1] On July 17, 2015, the Court screened the complaint and dismissed it for failure to state a claim with leave to file an amended complaint. On July 24, 2015, Plaintiff filed a First Amended Complaint. He names Nurse Joy Lynch, Doctor McKay, Correctional Officers Keith Vincent, Mattos, and Manning, and Sergeant John Bailey as Defendants.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] On June 18, 2015, Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff was detained at Calaveras County Jail pending trial on unidentified charges at the time the events giving rise to this action occurred. He is currently incarcerated at Deuel Vocational Institution.

Plaintiff states that he suffers from mental illness. He complains that the nurse failed to

2

screen him when he was first booked into jail on May 13, 2015. On June 2, 2015, Plaintiff grieved to Defendant Bailey concerning his mental health. Defendant Bailey advised him that he was on the list to see mental health and a doctor. Plaintiff was given a medical slip. On June 5, 2015, he was seen by a mental health worker who advised him that he would be getting lithium and anti-psychotic medication. On June 10, 2015, Plaintiff grieved again because his symptoms had gotten worse. On June 13, 2015, he was seen by Defendant Dr. McKay. Defendant McKay gave Plaintiff a mood stabilizer. Plaintiff complained that the doctor misdiagnosed him and should have given him anti-psychotic drugs. Plaintiff was advised he could obtain a second opinion if he could pay for it. Plaintiff grieved to the second level and complained that the doctor did not ask for his symptoms or read his medical records. He grieved all issues to the Sheriff on July 2, 2015, and the Sheriff responded that he trusts his staff at the jail.

On July 6, 2015, Plaintiff was advised by mental health worker Brenda Hawley that in order to be released from the safety cell, he would have to sign an agreement for his safety and the safety of other inmates that he needed to push the emergency call button in the common area or his cell to inform staff of problems.

After being locked down by Correctional Officer Vincent, Plaintiff choked himself. He complained of injuries to Vincent, but Vincent must have assumed Plaintiff was blaming him for his injuries. Plaintiff was having difficulty breathing and had hurt his neck when he fell. He pushed the button but there was no immediate response. Correctional Officer Mattos passed by and Plaintiff stopped her. Plaintiff was then taken to a safety cell as per procedure.

Later, Plaintiff complained of injuries and asked for treatment. Correctional Officer Vincent and Nurse Lynch responded. Vincent advised Lynch that Plaintiff had injured himself when he was placed in the cell. Nurse Lynch reviewed the video footage and concluded that Plaintiff had no need for medical attention. Plaintiff then spent the night in the safety cell.

Plaintiff also complains that on two occasions, legal mail was delivered to him but the mail had already been opened by Defendants Mattos and Manning. Plaintiff claims this violated his constitutional rights.

Finally, Plaintiff complains that prison officials retaliated against him. He states he was

3

housed in general population in E-Pod.  Directly after filing a civil claim against the jail, he was moved to C-Pod and placed in administrative segregation without explanation.  Plaintiff also complains that Defendant Bailey locked him down in the safety cell for six days after he had choked himself without a hearing or written statement of reasons.  He complains that he was precluded from church or bible study activities while he was placed in administrative segregation.

Plaintiff is seeking compensatory damages in the amount of $60,000.

### C.    DISCUSSION

1. Conditions of Confinement – Medical Care

In cases of deliberate indifference to a serious medical need, a pretrial detainee's rights are analyzed under the Due Process Clause Fourteenth Amendment, while a convicted prisoner's rights are analyzed under the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).  Nonetheless, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of

due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations do not demonstrate that any Defendant acted with the requisite state of mind.  Plaintiff contends that he submitted requests for mental health care, but the facts reveal that a mental health case worker and a doctor responded to his requests.  He complains that the Defendant McKay should have given him anti-psychotic drugs instead of a mood stabilizer but "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds,* Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).

Plaintiff also fails to establish that Defendants Vincent, Lynch and Bailey acted with deliberate indifference to a serious medical need. All three Defendants responded when Plaintiff summoned for aid.  Defendants Vincent and Bailey passed on his requests to medical personnel, and Defendant Lynch saw Plaintiff and determined he was not in need of medical attention.  Plaintiff's disagreement with her conclusion does not give rise to a claim of deliberate indifference.

Plaintiff has therefore failed to state a deliberate indifference claim against any Defendant.

2. Interference with Mail

Plaintiff complains that Defendants Mattos and Manning opened his mail on two occasions.  Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  However, isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).  Thus, the two incidents where Defendants opened his mail outside of his presence do not give rise a claim under section 1983.

3. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing

Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff vaguely states that he was moved to administrative segregation soon after he filed grievances.  This is insufficient to state a claim of retaliation.  Plaintiff fails to identify a state actor; he fails to show that any Defendant acted with retaliatory motive; he fails to show that his First Amendment rights were chilled; and he fails to demonstrate that the action did not reasonably advance a legitimate correctional goal.

4.      Placement in Administrative Segregation

Last, Plaintiff complains that he was moved from E-Pod to C-Pod administrative segregation without reason or explanation after he had complained of his mental health issues.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue.  Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Here, Plaintiff readily admits that he was placed in a safety cell for his own safety and for the

safety of other inmates as a result of his suicidal behavior and complaints of mental health issues. Plaintiff was released six days later when he agreed to abide by certain conditions concerning his mental health. Under these facts, Plaintiff fails to state a claim under the Due Process Clause.

### D.  CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with the opportunity to amend and he was unable to cure the deficiencies. Based on the nature of the deficiencies, further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED, without leave to amend, for failure to state a claim under section 1983;

2. This action is DISMISSED WITH PREJUDICE; and

3. This constitutes a strike for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:  **June 16, 2016**                             /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE