# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON L. NYLAND,<br><br>      Plaintiff,<br><br>    vs.<br><br>CALAVERAS COUNTY SHERIFF'S JAIL, et al.,<br><br>      Defendants. | 1:15-cv-00886-GSA-PC<br><br>ORDER DENYING MOTION TO DISMISS CASE, WITHOUT PREJUDICE<br>(ECF No. 63.)<br><br>THIRTY DAY DEADLINE |

**I.  BACKGROUND**

Jon L. Nyland ("Plaintiff") is a former jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). On September 14, 2017, the case was reassigned to the undersigned to conduct any and all proceedings in the case, including trial and entry of final judgment. (ECF Nos. 4, 46, 47, 48.)

On February 23, 2018, the parties to this action filed a stipulation dismissing this case with prejudice. (ECF No. 63.) The court construes the stipulation as a motion to dismiss this case under Rule 41(a).

**II.  MOTION TO VOLUNTARILY DISMISS CASE**

The parties request dismissal of this case conditioned on the court's retention of jurisdiction for purposes of enforcing their settlement agreement. (ECF No. 63 at 2:9-10.)

1

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41. However, in this instant case the parties may not obligate the court to retain jurisdiction without the court's consent. Therefore, the parties' stipulation as written is not effective to dismiss the case on filing, and the motion to dismiss must be denied.

Generally, federal courts lack jurisdiction to enforce settlement agreements. O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). When a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016) (citing O'Connor, 70 F.3d at 532). Ordinarily, a dispute arising under a settlement agreement is "a separate contract dispute requiring its own independent basis for jurisdiction." O'Connor, 70 F.3d at 532. However, an exception to this rule occurs where the order dismissing the action, by agreement of the parties, incorporates the terms of the settlement agreement or otherwise expressly indicates that the court intends to retain jurisdiction over the settlement agreement. Id.

In Kokkonen, the Supreme Court held that "[e]nforcement of . . . [a] settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen, 511 U.S. at 378. The mere existence of an "agreement that has as part of its consideration the dismissal of a case before a federal court," id. at 380, without more, is not a sufficient basis for a federal court's jurisdiction.

When dismissal occurs pursuant to Rule 41(a)(1)(ii), the district court is empowered (with the consent of the parties) to incorporate the settlement agreement in the order or retain jurisdiction over the settlement contract itself. Kokkonen, 511 U.S. at 375. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. Id. at 375-76.

Here, the court shall not retain jurisdiction to enforce a settlement agreement that it has not seen, nor reviewed. Therefore, the parties' motion to dismiss this case pursuant to their

stipulation shall be denied, without prejudice. The parties shall be granted thirty days in which to do one of following: (1) withdraw their stipulation, (2) file a copy of their settlement agreement under seal for the Court's review, or (3) file an amended stipulation, as instructed below.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' motion to dismiss this case pursuant to their stipulation, filed on February 23, 2018, is DENIED, without prejudice;

2. Within thirty days of the date of service of this order, the parties shall either:

    (1) File a request to withdraw their stipulation filed on February 23, 2018;

    (2) Submit a copy of their settlement agreement to the court, <u>with instructions to the Clerk of Court to file it under seal pursuant to this order</u>, for the court's review in consideration of their stipulation filed on February 23, 2018; or

    (3) File an amended stipulation to dismiss this case that does not include a provision for the court to retain jurisdiction over the case for purposes of enforcing the parties' settlement agreement; and, finally

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **March 3, 2018**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE